# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY ALEXANDER PETREY, SR., | ) CASE NO. 1:20-cv-02028 |
| | ) |
| | ) JUDGE DAVID A. RUIZ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) **MEMORANDUM OPINION AND ORDER** |
| | ) |
| Defendant. | ) |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Amanda M. Knapp (R&R). (R. 20). Plaintiff Jeffrey Alexander Petrey, Sr. (Petrey) filed his Complaint (R. 1) challenging the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits. Pursuant to Local Rule 72.2, the case was referred to a Magistrate Judge. The Magistrate Judge's R&R recommends the Court affirm the Commissioner's decision. (R. 20). Objections to the R&R were due by January 10, 2022; only Petrey has filed an objection. (R. 22).

**I. Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. Fed. R. Civ. P. 72(b)(3) states:

*Resolving Objections*. The district judge must determine de novo any part of the

>magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Here, Petrey objects to the Magistrate Judge's conclusion that the Administrative Law Judge (ALJ) properly considered Dr. Khalid Darr's pulmonary consultative examination in assessing Petrey's residual functional capacity. (R. 22, PageID# 1330). The Court thus reviews this issue *de novo*.

The Court's review of the Commissioner's decision in the case is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 361–62 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would have decided the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (per curiam) (*citing Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.*

(*quoting Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining whether substantial evidence supports the ALJ's findings in the instant matter, however, the Court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

## II. Discussion

The crux of Petrey's objection involves the ALJ's consideration of consultative examiner Dr. Khalid Darr's medical opinion. After examining Petrey on July 11, 2018, Dr. Darr opined that Petrey "is able to lift and carry between 10 and 15 pounds of weight on a frequent basis and over 15 pounds on occasion." (R. 21-7, PageID# 1150). When the ALJ assessed Petrey's residual functional capacity (RFC), she determined that there was "no support" for Dr. Darr's assertion that Petrey "would have a hard time lifting 10–15 pounds." (R. 21-2, PageID# 763). Petrey now argues that the ALJ did not provide an adequate explanation for rejecting Dr. Darr's opinion on Petrey's lifting restrictions. (R. 15, PageID# 675). In particular, Petrey maintains that the ALJ rejected Dr. Darr's opinion after considering only Dr. Darr's evaluation of Petrey's pain impairments, while failing to consider Dr. Darr's evaluation of his pulmonary impairments. (R. 15, PageID# 675; R. 22, PageID# 1330). The issue before the Court, then, is whether the ALJ properly evaluated Dr. Darr's opinion.

It is well settled that an ALJ does not need to repeatedly "reproduce the list" of medical records when explaining why a medical opinion is inconsistent with the record. *Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 457 (6th Cir. 2016) (*citing Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014)). In other words, an ALJ may make factual findings in one place in her decision to support a conclusion elsewhere in

her decision. *See Forrest*, 591 F. App'x at 366.

As the Magistrate Judge correctly points out, when the ALJ generally assessed Petrey's RFC, she considered Dr. Darr's evaluations related to *both* Petrey's pain and pulmonary impairments. (R. 20, PageID# 717–718; R. 21-2, PageID# 760–763). For example, the ALJ specifically discussed that following a pulmonary examination, Dr. Darr had assessed that Petrey had "COPD with bilateral rales and expiratory wheezing." (R. 21-2, PageID# 762).

The ALJ also considered other medical evidence related to Petrey's pulmonary impairments, such as treatment notes showing that his asthma was "well controlled" and another pulmonary examination showing that he had "no respiratory distress." (*Id.*, PageID# 761). The ALJ also found a restriction of Petrey's RFC based on the pulmonary evidence in the record, determining that he would be "limited in his ability to tolerate exposure to extreme cold, humidity, fumes, odors, dusts, gases and poor ventilation." (*Id.*, PageID# 762).

In the specific paragraph where the ALJ found Dr. Darr's opinion on Petrey's lifting restriction lacked support, it is true that the ALJ only discussed Dr. Darr's evaluation of Petrey's pain impairments. However, it is clear from reading the ALJ's decision as a whole that she considered Dr. Darr's pulmonary evaluation, as well as other medical pulmonary evidence, when assessing the limitations of Petrey's RFC. Although the ALJ did not re-state the language previously discussing Dr. Darr's pulmonary evaluation in the same paragraph where the ALJ determined that the doctor's opined lifting restriction lacked support, that does not mean the ALJ failed to provide an adequate explanation for her decision.

There is substantial evidence to support the ALJ's conclusion that the provider's opinion on Petrey's lifting limitation lacked support from the record. As a result, the Court holds that the ALJ did not err when evaluating Dr. Darr's opinion; and therefore, Plaintiff's objection lacks merit.

### III. Conclusion

The Court has carefully reviewed the Report and Recommendation in light of the above-referenced standard of review and Plaintiff's Objection. Plaintiff's Objection is overruled. The Court ADOPTS the Magistrate Judge's Report and Recommendation (R. 20), and the Commissioner's underlying decision is hereby AFFIRMED.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: September 29, 2022